IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUNICIPAL CREDIT UNION and
NATIONAL CREDIT UNION
ADMINISTRATION BOARD, in its
capacity as Conservator of Municipal
Credit Union,

                     Plaintiff,

  v.

CUMIS INSURANCE SOCIETY, INC.,

                     Defendant.

OPINION AND ORDER

20-cv-438-wmc

---

After being sued in the Wisconsin Circuit Court for Dane County for breach of an insurance contract and bad faith, defendant CUMIS Insurance Society, Inc. removed this action to federal court under 28 U.S.C. §§ 1441 and 1446. (Dkt. #1.) Next, despite being based in Madison, Wisconsin, where this court sits, CUMIS sought a transfer to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (Dkt. #14.) In response, plaintiffs Municipal Credit Union ("MSU") and the National Credit Union Administration Board ("NCUAB") move to remand to the Dane County Circuit Court on the grounds that this court lacks subject matter jurisdiction over plaintiffs' claims, as well as opposes any transfer. (Dkt. #19.) For the reasons that follow, the court concludes that it does indeed have subject matter jurisdiction over this action pursuant to 12 U.S.C. § 1789(a)(2), and will deny the motion to remand. As for the motion to transfer, the court agrees with defendant that the private and public factors weigh in favor of transfer, and, therefore, will grant that motion and transfer this action to the Southern District of New York.

BACKGROUND

At its core, before this court is a dispute over insurance coverage between the insured, MCU, a New York state-chartered credit union, along with its conservator NCUAB, and insurer CUMIS. However, this lawsuit arises out of the far broader decision of the New York State Department of Financial Services, as regulator of credit unions chartered by the state of New York, to place MCU in a conservatorship and appoint NCUAB as its conservator on May 17, 2019, as opposed to pursing liquidation proceedings. (Compl. (dkt. #1-2) ¶ 6.)

On April 21, 2020, plaintiffs MCU and NCUAB filed a complaint against CUMIS in Dane County Circuit Court, claiming rights to insurance for losses suffered as a result of wrongdoing by certain of MCU's former officers and employees, backed by financial institution bonds issued by CUMIS to MCU, which were in effect from 2016 to 2019. (*Id.* ¶¶ 1, 10-38.) Specifically, plaintiffs allege state law claims for: (1) declaratory judgment regarding CUMIS's obligations to cover MCU for its loss; (2) anticipatory breach of contract; (3) breach of contract; and (4) breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 110-40.)

On May 8, 2020, CUMIS filed its Notice of Removal under 28 U.S.C. § 1441(a) in this court. (Dkt. #1.) In the notice, defendant contends that federal subject matter jurisdiction is separately granted by three, different federal statutes: (1) under 28 U.S.C. § 1345, because "this action was 'commenced' by an 'agency' of the United States, *i.e.*, the NCUAB"; (2) under 12 U.S.C. § 1789, because "[a]ll suits of a civil nature at common law or in equity to which the [NCUAB] shall be a party shall be deemed to arise under the laws

2

of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy"; and (3) under 28 U.S.C. § 1352, because "district courts shall have original jurisdiction, concurrent with the State courts, of any action on a bond executed under any law of the United States." (Not. of Removal (dkt. #1) ¶¶ 5-8.)[1]

As previously noted, following its removal to this court, CUMIS filed a motion to transfer this case to the United States District Court for the Southern District of New York, under 28 U.S.C. § 1404(a) (dkt. #14), while plaintiffs filed a timely motion to remand this action to state court. (Dkt. #19.)

OPINION

I. Plaintiffs' Motion to Remand

Because the motion for remand calls into question this court's subject matter jurisdiction, the court must take up this issue first. A civil action brought in state court may be removed to federal court only if the federal court would have subject matter jurisdiction over this action if the case had originally been filed in federal court. 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers,*

---

[1] Defendant did not rely on the court's diversity jurisdiction under 28 U.S.C. § 1332, because while the parties are diverse, CUMIS is a citizen of Wisconsin. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). (Not. of Removal (dkt. #1) 2 n.1.)

3

*Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Because the court agrees that it has subject matter jurisdiction over this dispute under 12 U.S.C. § 1789(a)(2), it need not address the parties' arguments with regard to the other two federal statutes in support of removal.

The parties agree that the pertinent part of Title 12 U.S.C. § 1789(a)(2) states:

> (a) In carrying out the purposes of this subchapter, the [National Credit Union Administrative] Board may--
> . . .
> (2) sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy. The Board may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect . . .

Plaintiffs would have the court focus on the removal language in the last quoted sentence above, which solely describes the process by which the *NCUAB* may remove an action. From this, plaintiffs then argue that the statute *only* contemplates removal of an action from state court to federal court if initiated by the NCUAB, and since the NCUAB as a plaintiff in suit is obviously *not* seeking removal of the case, then CUMIS's attempt to remove it is doomed. However, none of the cases cited by the NCUAB stand for the proposition that *only* the NCUAB may remove an action in which it is involved. Instead, the cited cases simply support a finding that the NCUAB, as a defendant, may remove an action from state to federal court -- a reading of the statute that is not in dispute, but also that says nothing about the defendant's right to remove this action. (Pls.' Opening Br.

4

(dkt. #20) 20-21).)  In other words, neither of the cited cases, nor any case that this court could find, have held that § 1789(a)(2) prohibits removal of an action to federal court by any defendant, whether or not that be the NCUAB.  Nor does the plain language of the statute support such a reading.

Further ignoring the statute's plain reading, plaintiffs argue that their reading "ensures that the NCUAB's choice of state court forum is preserved where it chooses not to exercise the right to remove a lawsuit brought against it to federal court." (Pl.'s Opening Br. (dkt. #20) 20.)  However, nothing in § 1789(a)(2), nor in removal law more generally supports this being Congress's intent.  At most, the plaintiff's choice of forum should be given weight, which is why removal statutes are interpreted "narrowly."  In contrast, there is no legal basis to take into account the plaintiff's choice of forum in subject matter jurisdiction over a dispute before it as previously noted.  *Doe,* 985 F.2d 908, 911.

Regardless, § 1789(a)(2) states unequivocally that "All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to *arise under the laws of the United States*, and the United States district courts shall have *original jurisdiction* thereof, without regard to the amount in controversy." 12 U.S.C. § 1789(a)(2) (emphasis added). This is an unqualified jurisdictional grant, which the NCUAB itself has successfully invoked in asserting federal question jurisdiction in other cases.  (Def.'s Opp'n (dkt. #31) 13 (citing cases).)  The grant plainly covers this case given that NCUAB is a party, acting as a conservator.[2]  Moreover, given the unambiguous language of 28 U.S.C. § 1441, there

---

[2] The statute does provide an exception carving out subject matter jurisdiction where the Board is acting as a liquidating agent. *See* § 1789(a)(2) (any "suit to which the Board is a party in its capacity as liquidating agent of a State-chartered credit union and which involves only the rights or

5

can be no doubt that the defendant properly removed this case from Dane County Circuit Court to the Western District of Wisconsin. Thus, this court has original jurisdiction over the claims in this case.

Finally, plaintiffs assert that a defendant cannot exercise the right of removal when federal and state courts have concurrent jurisdiction unless it identifies an "'overriding federal interest,'" which "justif[ies] displacing the [] state court's jurisdiction[.]" (Pl.'s Opening Br. (dkt. #20) 14, 18, 21.) In support of this novel assertion, however, plaintiffs cite *Boyle v. United Technologies Corporation*, 487 U.S. 500, 507 (1988), which was actually deciding whether federal law *preempted* a state law claim and had nothing to do with whether removal was proper. Again, the court can find *no* support for plaintiff's argument that a defendant must identify an "overriding federal interest" to remove an action from state to federal court where jurisdiction in concurrent. To the contrary, all that is required to remove to federal court is: (1) "original jurisdiction" over the action, which is expressly granted in § 1789(a)(2); and (2) the case is removed to the federal district court embracing the location of the state court where it was originally filed, which has also properly occurred under § 1441(a). Accordingly, plaintiffs' motion to remand is denied.

## II. Defendant's Motion to Transfer under 28 U.S.C. § 1404(a)

Also pending is defendant's motion to transfer this case to the Southern District of

---

obligations of members, creditors, and such State credit union under State law shall not be deemed to arise under the laws of the United States. . . ."). Since there is no dispute that the NCUAB is acting as a conservator, as opposed to a liquidating agent, neither side has even suggested this exception would apply. *See Kirkindoll v. Nat'l Credit Union Admin. Bd.*, No. 3:11-CV-1921-D, 2011 WL 5025226, at *2 (N.D. Tex. Oct. 21, 2011).

New York under 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (Section 1404(a) authorizes a district court "to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district."). Thus, such a transfer is proper when: "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; *and* (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC.*, No. 14-cv-502, 2014 WL 6612881, at *2 (W.D. Wis. Nov. 20, 2014) (emphasis added) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)).

In opposing transfer, plaintiffs do not dispute that venue is proper both here and in the Southern District of New York. Indeed, it appears that the central factual events giving rise to the claim -- the alleged acts of dishonesty by employees, officers and directors of MCU -- occurred in that judicial district, satisfying the requirement of 28 U.S.C. § 1391(b)(2). Accordingly, defendant's motion to transfer turns on private conveniences and the interests of justice.

A. Private Interest Factors

In determining whether a transferee forum is more convenient, the court considers: "(1) the plaintiff's choice of forum; (2) the convenience to parties; and (3) the convenience to witnesses." *Illumina, Inc. v. Affymetrix Inc.*, No. 09-CV-277-BBC, 2009 WL 3062786, at

7

\*2 (W.D. Wis. Sept. 21, 2009). As the moving party, defendant carries the burden to establish "that the transferee forum is clearly more convenient." *Coffey*, 796 F. 2d at 219-20.

In particular, while courts have broad discretion in weighing private considerations for and against transfer in light of the specific circumstances, deference to a plaintiff's original choice of forum is generally due. *See Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("A defendant . . . ordinarily bears a heavy burden in opposing the plaintiff's chosen forum"). Still, less deference accrues to a forum that is neither the plaintiff's home forum nor the situs of material events. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). This flows from the assumption that a foreign plaintiff has not elected the forum for convenience, but rather for strategic advantage. *Sinochem*, 459 U.S. at 430. Even though weakened, the presumption in favor of a foreign plaintiff's chosen forum remains, and it is not to be upset unless convenience and the interests of justice strongly point towards transfer. *See Fabio v. Diversified Consultants, Inc.*, No. 13-CV-00524-WMC, 2014 WL 713104, at \*6 (W.D. Wis. Feb. 25, 2014) ("While this district is not in plaintiff's home state, the court will not disturb his choice of forum unless the transfer factors strongly favor the defendant.") (citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003)).

Here, the Western District of Wisconsin is not the home forum of *either* plaintiff. Plaintiff MCU is a New York state-charted credit union, with its principal place of business in New York, New York. (Compl. (dkt. #1-2) ¶ 3.) NCUAB is an independent federal agency headquartered in Alexandria, Virginia. (*Id.* ¶ 4.) Moreover, while plaintiffs attempt

8

to tie the claims at issue in this lawsuit to this judicial district -- arguing that "*all* of plaintiffs' claims . . . emanate from the decisions CUMIS made in its home office here in Madison, Wisconsin" (Pls.' Opp'n (dkt. #24) 6), this argument rings hollow. As defendant explains in its reply brief, the core factual issues presented in this coverage dispute appear to turn on the nature of the alleged dishonest acts of MCU's employees and officers, as well as an allegedly sham investigation completed by a law firm retained by defendant in denying the claims. (Def.'s Reply (dkt. #29) 8.) Since all of these acts occurred outside of Wisconsin, the court agrees that any deference due plaintiff's choice of forum is greatly diminished by the fact that the Western District of Wisconsin is neither plaintiffs' home forum, nor the situs of the key events at issue.

In support of its motion to transfer, defendant points out that the Southern District of New York would appear to be the most convenient forum for plaintiff MCU, as its home forum, and substantially more convenient for NCUAB, both as a conservator of MCU, having been appointed by a New York agency, and as its own headquarters are in Alexandria, Virginia. In response, plaintiffs rightly point out defendant's odd posture in arguing that the Southern District of New York is more convenient for plaintiffs, who after all chose *Wisconsin* to litigate this case, rather than arguing that it is more convenient for itself, which it plainly is not. Of course, the reverse is also true. Still, the court "will generally accept plaintiff's assertion that the venue chosen is its most convenient forum," *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, No. 11-CV-393-WMC, 2011 WL 13210037, at *3 (W.D. Wis. Dec. 21, 2011), despite providing *no* explanation for why Wisconsin is actually a more convenient forum. Although unlike in *Auto-Owners*, where the location of

9

underlying litigation in Wisconsin made this judicial district understandably convenient for the plaintiff, plaintiffs here merely appear "willing to overlook any purported inconvenience associated with litigating in this forum." (Pls.' Opp'n (dkt. #24) 11.) Similarly, the court must discount any inconvenience to defendant in litigating here in Wisconsin, its corporate headquarters. In the end, this entire argument simply undermines the weight this court would typically place on plaintiffs' choice of forum, which, as previously noted, is already reduced in light of the fact that it is neither plaintiffs' home forum nor the situs of events, as well as defendant's claim to any inconvenience should the lawsuit remain here.

More persuasive is defendant's assertion as to the convenience of the witnesses weighing in favor of transfer, in representing that: (1) a "critical issue at the heart of this case is who knew what about the alleged acts of dishonesty"; and (2) the "testimony of [MCU's] supervisors, officers and directors about what they knew and when they knew it will figure prominently at trial." (Def.'s Opening Br. (dkt. #15) 4-5.) Defendant is right to point out that any nonparty witnesses residing in New York would fall outside this court's subpoena power for purposes of compelling in-person testimony should a trial be necessary. *See* Fed. R. Civ. P. 45(c)(1), although defendant stop short of identifying specific witnesses.

Plaintiffs really have no convincing response to these arguments, except to note that two key witnesses are MCU's acting CEO Jane Dobbs and prior Chief Financial Officer Candy Bracewell, both of whom have submitted declarations indicating that they will appear voluntarily at trial, and that neither are residents of New York. (Pl.'s Opp'n (dkt.

#24) 14-15.) Plaintiffs also point out that a number of other, possible witnesses reside outside of New York, and so compulsory process may be unavailable in the Southern District of New York as well. While the court credits these representations as far as they go, a number of the possible, material witnesses also appear to reside in the New York City area and well within 100 miles of the Southern District of New York's courthouse. (Def.'s Reply (dkt. #29) 14-15.) While some of the witnesses *may* be willing to travel to Wisconsin, even though the court could not compel them to do so, and other witnesses fall outside of the compulsory service of *either* court, the Southern District of New York is certainly *more* convenient for most witnesses, *and* that court will be able to compel appearances for a number of the material witnesses should that become necessary, which would appear particularly important for defendant who, unlike plaintiffs, would appear to have little, if any, goodwill or leverage to gain witness cooperation.

    For this reason alone, the court concludes that the private interest factors weigh at least slightly in favor of transfer.

### B. Interests of Justice

    As already noted, the interests of justice "is a separate component of a § 1404(a)(3) transfer analysis," which may be determinative and demand a decision contrary to analysis of the convenience factors. *Coffey*, 796 F.2d at 220. Traditionally, this analysis relates to the "efficient administration of the court system," considering such factors as: (1) the district in which the litigants would receive a speedier trial; (2) whether there is related litigation in the transferee district that may allow consolidation; (3) the courts' relative

11

familiarity with the applicable law; and (4) the relation of each community to the controversy at issue. *Id.* at 221.

As for the first consideration, the court agrees that all things being equal, this case will likely proceed to trial some 7 months earlier in this court, rather than in the Southern District of New York. This is because, as the parties acknowledge, the average time from filing to trial in this court is roughly 24 months, while the time in the Southern District of New York is roughly 31 months. Moreover, both courts are experiencing the impact of the COVID-19 pandemic on court administration. While the court recognizes that this factor viewed in isolation would support a denial of the motion, the court is also cognizant that virtually all other factors highlight the lack of connection between this judicial district and the claims at issue in this case, something that plaintiffs were surely aware of (or should have been aware of) despite selecting Wisconsin state court as the original venue for suit.

In other words, virtually all other interests of justice weigh in favor of transfer. While there may not be any ongoing, related litigation in the Southern District of New York, defendant points out that there are numerous third parties -- namely, former employees or officers of MCU -- who may be capable of joinder in the Southern District of New York, but not here. Moreover, New York law is likely to apply to at least some of plaintiffs' claims, and while this court could apply such law, there is little doubt that the Southern District of New York has more experience in doing so. Finally, and most critically, the Southern District of New York and the State of New York have a significantly stronger relationship with this claim than this judicial district and the State of Wisconsin. Certainly, this judicial district is defendant's home forum, but that creates no connection

12

between plaintiffs' breach of contract and bad faith claims, which concern alleged dishonest acts of MCU's prior employees and officers, all of which occurred outside of Wisconsin, and Wisconsin's interest in vindicating the parties' rights appears minimal especially when its own citizen had *no* interest in litigating the dispute in this state. Accordingly, the court also concludes that the public interest factors weigh in favor of transfer, and this case will be transferred to the Southern District of New York.

ORDER

IT IS ORDERED that:

1) Plaintiffs Municipal Credit Union and National Credit Union Administration Board's motion to remand to state court (dkt. #19) is DENIED.

2) Defendant CUMIS Insurance Society, Inc.'s motion to transfer to the District Court for the Southern District of New York (dkt. #14) is GRANTED.

3) The clerk's office is directed to TRANSFER this case to the Southern District of New York.

Entered this 18th day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge